## SWANN ET AL. v. ADAMS, SECRETARY OF STATE OF FLORIDA, ET AL.

No. 973.   Decided February 25, 1966.

*D. P. S. Paul, P. D. Thomson, Neal Rutledge, Richard F. Wolfson, Thomas C. Britton* and *Stuart Simon* for appellants.

*Earl Faircloth,* Attorney General of Florida, and *Edward D. Cowart* and *Sam Spector,* Assistant Attorneys General, for appellees.

PER CURIAM.

We previously remanded this case to the District Court for further proceedings in light of *Reynolds* v. *Sims,* 377 U. S. 533, and the other cases relating to legislative reapportionment decided with *Reynolds.* 378 U. S. 553. The District Court deferred action until the conclusion of the legislative session which convened on April 6,

1965, stating that it would reconsider its decision should the Florida Legislature fail to effect a valid reapportionment by July 1, 1965.

A reapportionment law was passed by the legislature on June 29, 1965. On July 6 the appellants filed a joint petition asking the District Court to declare the newly enacted plan unconstitutional and proposing an alternative plan. The District Court did not take action until October 5 when it ordered oral argument for November 2, 1965. On December 23 the District Court concluded that the newly passed reapportionment plan failed to "meet the requirements of the Equal Protection Clause of the Federal Constitution as construed and applied in Reynolds v. Sims . . . ."

Although the District Court concluded that the plan did not comport with constitutional requirements, it approved the plan (making only minor changes) on an interim basis. Its approval was limited to the period ending 60 days after the adjournment of the 1967 session of the Florida Legislature.

We have no occasion to review the District Court's determination that the legislative reapportionment plan fails to meet constitutional standards. Indeed, Florida does not contend that the District Court erred in this regard, having conceded below that the plan was constitutionally deficient. We hold, however, that in approving the plan on an interim basis, the District Court erred. This litigation was commenced in 1962. The effect of the District Court's decision is to delay effectuation of a valid apportionment in Florida until at least 1969. While recognizing the desirability of permitting the Florida Legislature itself to determine the course of reapportionment, we find no warrant for perpetuating what all con-

cede to be an unconstitutional apportionment for another three years.

We reverse and remand to the District Court so that a valid reapportionment plan will be made effective for the 1966 elections.

*Reversed and remanded.*

MR. JUSTICE HARLAN and MR. JUSTICE STEWART would affirm the judgment.

MR. JUSTICE FORTAS took no part in the consideration or decision of this case.