Theodore R. CUMMINGS et al., Plaintiffs,
and
Nancy Aronie et al., Intervenors,
v.
Thomas J. MESKILL et al., Defendants,
and
J. Brian Gaffney, Intervenor.

Civ. A. No. 14736.

United States District Court,
D. Connecticut.

Sept. 8, 1972.

Robert Satter, Satter, Fleischmann & Sherbacow, and James Wade, Hartford, Conn., for plaintiffs.

David B. Beizer, Hartford, Conn., for intervening plaintiffs.

Robert K. Killian, Atty. Gen. of Conn., and Raymond J. Cannon and Barney Lapp, Asst. Attys. Gen., Hartford, Conn., for defendants.

Francis J. McCarthy, and Harry W. Hultgren, Jr., Hartford, Conn., for intervening defendant.

Before SMITH, Circuit Judge, BLUMENFELD, Chief District Judge, and CLARIE, District Judge.

1. Motion for Expedited Consideration and Jurisdictional Statement and Brief, pp. 10, 54.

2. *Id.* p. 2.

## MEMORANDUM OF DECISION ON INTERVENING PLAINTIFFS' MOTION SEEKING INTERIM ORDER

PER CURIAM.

In this legislative reapportionment case this court, 341 F.Supp. 139, found a plan adopted by a state board (sometimes referred to as the Saden plan) unconstitutional because of population deviations between districts. We appointed a master to draw a constitutionally acceptable plan. On appeal to the United States Supreme Court, 407 U.S. 902, 92 S.Ct. 2441, 32 L.Ed.2d 679 this court's judgment was stayed. This court declined to correct population omissions and other errors in the Saden plan, corrections which would not have cured the unnecessary population deviations. A suit seeking such corrections was then pending in the Connecticut Superior Court. The Superior Court has ordered such corrections and established and ordered a truncated schedule of nominating procedures under the board plan.

Intervenors Aronie et al. move for an order placing in effect the plan under which the 1970 elections were held. Several of the parties also ask that the date of election be set back from the November 7 date to permit normal nominating schedules.

■■ It is preferable that the rights of the electors to choose their legislative representatives be exercised under a defective plan rather than be denied entirely. *See* Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Ely v. Klahr, 403 U.S. 108, 91 S.Ct. 1803, 29 L.Ed.2d 352 (1971). Ordinarily, the simplest method is to permit the use of the existing machinery, even though it does not meet constitutional standards, on a temporary basis until final determination of more permanent provisions. Here, however, the apportionment under which the 1970 elections were held has been abandoned. The Saden plan which was not only constitutionally defective but also defective in several other respects was devised and adopted by the board, a state body. That plan has now been corrected so far as the omissions and other minor errors are concerned and approved for temporary * use by the state court. That determination is presently on appeal to the Connecticut Supreme Court, which is reported to have granted an expedited appeal. The determination is also under attack in the District Court in a civil rights action brought by candidates claiming denial of equal protection and due process because of the shortness of time. It is true that the bizarre shapes and irregular boundaries of some of the districts created by the plan in an effort to obtain a political result not only cause deviations from perfect equality but also pose difficulties for candidates and electors in adapting to the new districts. The plan, however, while too widely variant from population equality to meet federal constitutional standards, does come closer to equality than the 1965 plan used in the 1970 elections, based as that plan was on the 1960 census.

It is, of course, still constitutionally defective and may not be used in subsequent elections.

For the purposes of an interim remedy the Saden plan appears less objectionable than the other alternative now urged upon us, the 1965 plan. We will not, therefore, order the 1965 plan reinstated at this time.

The motion to require legislative elections under the 1965 apportionment is denied.

---

* Any longer term use of the plan would be impermissible. *See* Swann v. Adams, 383 U.S. 210, 86 S.Ct. 767, 15 L.Ed.2d 707 (1966).